UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HUGUES GERVAT,

        Plaintiff,

v.                                                                                                                          Case No. 23-cv-0146-bhl

AARON JAGDFELD, YORK A RAGEN,
MARCIA J AVEDON, ROBERT D DIXON,
WILLIAM JENKINS, ANDREW LAMPEREUR,
BENNETT MORGAN, NAM T NGUYEN,
DAVID A RAMON, KATHRYN ROEDEL, and
DOMINICK ZARCONE,

        Defendants,

GENERAC HOLDINGS INC

        Nominal Defendant.

---

BARBARA STERBCOW, et al.,

        Plaintiffs,

v.                                                                                                                              Case No. 23-cv-0302-bhl

AARON JAGDFELD, et al.,

       Defendants.

---

**ORDER ON JOINT STIPULATION CONSOLIDATING RELATED ACTIONS, APPOINTING CO-LEAD COUNSEL, AND ACCEPTING SERVICE**

---

      By joint stipulation, the parties to these verified shareholder derivative complaints seek to consolidate the actions, appoint co-lead counsel, and establish a briefing schedule for Defendants' response to the complaints. (ECF No. 5.) For the following reasons, the stipulation is approved.

## BACKGROUND

Generac Holdings, Inc. is a company based in Waukesha, Wisconsin that designs, manufactures, and markets various forms of residential, commercial, and industrial power systems. (23-0146, ECF No. 1 ¶2.) These verified shareholder derivative complaints were filed after Generac's directors and/or officers allegedly breached their fiduciary duties to the shareholders. (*Id.* ¶1; 23-0302, ECF No. 1 ¶¶29, 84.)

## ANALYSIS

### I. The Actions Involve Common Questions of Fact and Law and Should Be Consolidated to Promote Judicial Efficiency.

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). In the Eastern District of Wisconsin, a motion to consolidate "must be decided by the judge to whom the lowest numbered case is assigned." Civ. L.R. 42(a).

The actions pending before the Court are ripe for consolidation. Both are derivative shareholder actions that seek to hold Generac's directors and officers accountable for alleged breaches of fiduciary duty that occurred over substantially the same period. And neither case has progressed beyond the other. Consolidation will, therefore, conserve resources and eliminate the risk of inconsistent rulings.

### II. Appointment of Co-Lead Plaintiffs and Co-Lead Counsel.

The parties' stipulation asks the Court to appoint as co-lead counsel: (1) Timothy Brown of The Brown Law Firm, P.C.; (2) Benjamin I. Sachs-Michaels of the New York office of Glancy Prongay & Murray LLP; and (3) Robert V. Prongay and Pavithra Rajesh of the Los Angeles office of Glancy Prongay & Murray LLP. (ECF No. 5 at 5.) Federal Rule of Civil Procedure 23.1, which governs derivative actions, does not provide for the appointment of lead counsel (or lead plaintiffs). Some courts, however, have discussed the appointment of lead counsel, but only after the appointment of a lead plaintiff. *See Chester Cnty Employees' Retirement Fund v. White*, No. 11 C 8114, 2012 WL 1245724, at *1 (N.D. Ill. Apr. 13, 2012) ("There exists no Seventh Circuit authority . . . indicating that lead counsel should be appointed without a lead plaintiff."). Other courts have appointed lead counsel without identifying a lead plaintiff (or plaintiffs). *See In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849 (NGG)(RER), 2006 WL 3761986, at *1

(E.D.N.Y. Sept. 22, 2006) ("[M]any courts in this district and others have consolidated derivative actions, appointed lead counsel, but have not appointed a lead plaintiff.").

Out of an abundance of caution, the Court will appoint all three plaintiffs currently named in the derivative actions as co-lead plaintiffs of the consolidated action. It will then approve their selection of co-lead counsel.

## CONCLUSION

**IT IS HEREBY ORDERED** that the joint stipulation to consolidate: *Gervat v. Jagdfeld, et al.*, 23-cv-0146-bhl and *Sterbcow, et al. v. Jagdfeld, et al.*, 23-cv-0302-bhl is **APPROVED**. The Clerk is directed to designate *Gervat v. Jagdfeld*, 23-cv-0146-bhl as the master docket number for consolidated proceedings and to administratively close the other action.

**IT IS FURTHER ORDERED** that upon the filing of any additional case in this District arising out of the same fact and raising the same or similar legal issues, any party to the consolidated proceedings may file a notice of related action in the master docket, whereupon the Court will direct the Clerk to add the newly filed case to the consolidated action. Such consolidation will be without prejudice to the rights of the parties thereto to thereafter move for deconsolidation of a particular action by showing why that action should not be consolidated under Fed. R. Civ. P. 42.

**IT IS FURTHER ORDERED** that Hugues Gervat, Barbara Sterbcow, and Karen Bento are appointed co-lead Plaintiffs of the consolidated action.

**IT IS FURTHER ORDERED** that Timothy Brown of The Brown Law Firm, P.C. and Benjamin I. Sachs-Michaels, Robert V. Prongay, and Pavithra Rajesh of Glancy Prongay & Murray LLP are appointed Co-Lead Counsel for all Plaintiffs.

Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

Counsel for Defendants may rely upon all agreement made with Co-Lead Counsel or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

**IT IS FURTHER ORDERED** that all papers and documents previously filed in both *Gervat v. Jagdfeld, et al.*, 23-cv-0146-bhl and *Sterbcow, et al. v. Jagdfeld, et al.*, 23-cv-0302-bhl are part of the record in this consolidated action.

**IT IS FURTHER ORDERED** that, per stipulation, defense counsel has accepted service of the complaints on behalf of each Defendant.

**IT IS FURTHER ORDERED** that the parties shall submit a proposed schedule to the Court within 30 days of the entry of this order. Defendants are not required to answer or otherwise respond to the complaints filed in the consolidated action until the deadline set forth in the Court's Order on the parties' proposed schedule.

Dated at Milwaukee, Wisconsin on May 1, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge